1
2
3
4                    UNITED STATES DISTRICT COURT
5                         DISTRICT OF NEVADA
6                                * * *
7    CHRISTINA T., pseudonymously,              Case No.2:25-CV-145  JCM (DJA)
8                             Plaintiff(s),
9           v.                                              ORDER
10   BELLAGIO LLC, et al.,
11                           Defendant(s).
12

13       Presently before the court are motions to dismiss from defendants Venetian Gaming Las

14   Vegas, LLC (ECF No. 55), Wynn Las Vegas, LLC (ECF No. 56), Mandalay Bay Resort Group

15   LLC, MGM Grand Hotel LLC, MGM Grand Propco LLC, Bellagio LLC, Nevada Property 1, LLC

16   (ECF No. 57), Desert Palace, LLC (ECF No. 58), and Resorts World Las Vegas, LLC (ECF No.

17   75) (collectively "defendants") .  Plaintiff Christina T.[1] filed responded (ECF Nos. 67–69, 77), to

18

19   which defendants replied (ECF Nos. 71–74, 78).

20   **I.    Background**

21       This action arises from sex trafficking allegations.  Plaintiff Christinia T. filed a complaint

22   against defendant casinos alleging they are perpetrators and beneficiaries of sex trafficking as

23

24   defined in 18 U.S.C. § 1595(a).  (ECF No. 53).

25       Plaintiff states that her trafficking spanned over 20 years, beginning at least in 2004, which

26   is chronicled in her first amended complaint.  (*Id.* at ¶¶ 62–3).  Plaintiff states that during this time,

27
28   _____

         [1] Plaintiff is filing pseudonymously.

1    she was forced to engage in sex work in the Las Vegas area and was subject to physical, mental,

2    and emotional abuse from her "pimps."  (*See, e.g.*, *id.* at ¶¶ 64, 77, 84, 95).

3        Plaintiff alleges that the casinos have made a concerted effort to incentivize and further sex

4    trafficking to reap benefits of sex-tourism.  (*Id.* at ¶¶ 32–57).  Plaintiff further alleges that the

5    casinos shield patrons of sex trafficking and arbitrarily enforce anti-sex-work policies against the

6    women-victims.  (*See id.* at ¶¶ 149, 154).

7

8        Moreover, plaintiff alleges that defendant casinos were aware of the ongoing sex

9    trafficking occurring on their premises through the use of facial-recognition and other surveillance

10   software, yet ignored the known "flags" indicating plaintiff's trafficking—including, in one

11   instance, the alleged direct participation of a Bellagio LLC employee.  (*Id.* at ¶¶ 197–204, 215,

12   131).

13

14   **II.    Legal Standard**

15       A court may dismiss a complaint for "failure to state a claim upon which relief can be

16   granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

17   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell*

18   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed

19   factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

20   elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

21

22       "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550

23   U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

24   matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation

25   omitted).

26

27   . . .

28

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."  *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment.  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Under Rule 15(a), the court should "freely" give leave to amend "when

- 3 -

1    justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the

2    movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing

3    party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The court

4    should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*,

5    203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

6

7    **III.    TVPRA**

8    As a threshold matter, plaintiff plausibly alleges that she is a victim of sex trafficking under

9    18 U.S.C. § 1591(a). A victim is sex trafficked if they engaged in commercial sex acts either while

10    under 18 years of age or due to force, threat of force, fraud, or coercion. 18 U.S.C. § 1591(a).

11    Plaintiff plausibly alleges that her traffickers used force, threats of force, and coercion to make her

12    engage in commercial sex acts.  Thus, she is a "victim" with standing to sue under the TVPRA.

13

14    A.  Statute of Limitations

15    Defendants Mandalay Bay Resort Group LLC, MGM Grand Hotel LLC, MGM Grand

16    Propco LLC, Bellagio LLC, and Nevada Property 1, LLC argue that plaintiff's TVPRA claim is

17    barred as to conduct before December 20, 2014.

18

19    A claim may be dismissed as untimely pursuant to a 12(b)(6) motion when the running of

20    the statute of limitations is apparent on the face of the complaint. *United States ex rel. Air Control*

21    *Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013).  Accordingly, courts may

22    dismiss "only if assertions of complaint, read with required liberality, would not permit plaintiff

23    to prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204 (9th

24    Cir. 1995) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

25

26    The TVPRA requires all claims to be brought within 10 years after the cause of action

27    arose or the victim reaches 18 years of age, whichever is later.  18 U.S.C. § 1595(c)(1).  Plaintiff

28

filed suit on December 20, 2024, alleging that her trafficking began in 2004 and continued until 2022.  (*See* ECF No. 53, ¶¶ 63, 119).  On the complaint's face, this would limit any liability to events occurring between December 20, 2014, and December 20, 2024.

Plaintiff attempts to use the discovery rule to rebut the limitations issues raised by defendants.  However, the discovery rule does not apply to the TVPRA.  *See C.C. v. Rashid*, No. 2:23-CV-02056-GMN-BNW, 2025 WL 1785273, at *5 (D. Nev. June 26, 2025).

Plaintiff next argues that equitable tolling applies to her statute of limitations problem. Federal statutes of limitations are presumptively entitled to equitable tolling as long as the plaintiff can prove (1) she has been pursuing her rights diligently, and (2) that extraordinary circumstances prevented timely filing.  *See Arellano v. McDonough*, 598 U.S. 1 (2023); *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016).  Plaintiff has not shown that she is entitled to equitable tolling on her claim. She alleges trauma prevented her from timely filing, but she fails to illustrate extraordinary circumstances.  *See C.C.*, 2025 WL 1785273.

Lastly, plaintiff maintains that the "continuing tort" or the "continuing violation" doctrine—normally applied in the context of Title VII employment-discrimination cases—applies. "The continuing violations doctrine functions as an exception to the discovery rule of accrual allowing a plaintiff to seek relief for events outside of the limitations period." *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746 (9th Cir. 2019) (internal quotations and citation omitted).  The Ninth Circuit has recognized two applications of the continuing violations doctrine: "first, to 'a series of related acts, one or more of which falls within the limitations period,' and second, to 'the maintenance of a discriminatory system both before and during [the limitations] period.'"  *Id.* (quoting *Gutowsky v. County of Placer*, 108 F.3d 256, 259 (9th Cir. 1997)).

. . .

The Supreme Court limited the continuing violations doctrine in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) to its current state where "little remains of the continuing violations doctrine" outside of specific employment-discrimination issues. *Bird*, 935 F.3d at 748.

Thus, since the continuing violations doctrine is not applicable to the facts of this case, it cannot remedy the issues regarding the statute of limitations. Accordingly, plaintiff's TVPRA claim is barred as to conduct before December 20, 2014.

B. Beneficiary Liability

Two provisions of the TVPRA are relevant to this case. First, 18 U.S.C. § 1591 provides for *criminal* penalties for sex trafficking:

(a) Whoever knowingly—

(1) in or affecting interstate or foreign commerce, ... recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or

(2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b). 18 U.S.C. § 1591(a).

Second, 18 U.S.C. § 1595 sets forth the standard for *civil* liability under the TVPRA. That section currently provides:

An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a). Thus, § 1595 provides trafficking victims with a private right of action

1    to pursue claims against perpetrators of trafficking as defined in § 1591(a) or those who knowingly

2    financially benefit from trafficking ("beneficiary liability").  *Doe v. Mindgeek*, 558 F. Supp. 3d

3    828, 835 (C.D. Cal. 2021).

4

5         To bring a beneficiary claim under § 1595(a), a plaintiff must allege that defendants (1)

6    knowingly benefitted (2) from participation in a venture (3) that they knew or should have known

7    engaged in sex trafficking. 18 U.S.C. § 1595(a).  *See J.M. v. Choice Hotels Int'l, Inc.*, No. 2:22-

8    cv-00672-KJM-JDP, 2023 WL 3456619 (E.D. Cal. May 15, 2023).

9             *1.  Knowingly Benefit*

10

11        The first question is whether plaintiff has plausibly alleged that defendants knowingly

12   benefitted pursuant to § 1595(a).  Plaintiff claims the defendants benefitted from her trafficking

13   because she drove foot traffic to the casinos, leading to increased room and gaming revenues.

14        The court must draw all reasonable inferences in favor of the plaintiff at the dismissal stage.

15   *Winter ex rel. United States v. Gardens Reg'l Hosp. & Med. Ctr., Inc.*, 953 F.3d 1108, 1116 (9th

16

17   Cir. 2020).  Based on plaintiff's allegations, it is plausible that the defendant casinos knowingly

18   experienced higher revenues as a result of plaintiff's commercial sex work.  *See Tyla D. v. MGM*

19   *Resorts  Int'l*, No. 2:24-CV-00698-APG-BNW, 2024 WL 4839744 (D. Nev. Nov. 19, 2024)

20   (finding the same under an analogous set of facts).  Therefore, it is inappropriate to dismiss

21   plaintiff's claim on that basis.

22

23            *2.  Participation in a Venture*

24        Participation in a venture is "an undertaking or enterprise involving risk and potential

25   profit."  *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 724 (11th Cir. 2021).  A venture under § 1595

26   can be an isolated act of sex trafficking but can also be a business whose primary focus is not on

27   sex trafficking.  *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 554 (7th Cir. 2023).

28

The defendants are all casino and hotel operators.  "Operating a casino is a commercial venture and it is reasonable to infer that operating a hotel and casino necessarily involves many persons and entities taking part 'in a common undertaking or enterprise involving risk and potential profit.'"  *Tyla D.*, 2024 WL 4839744 at *3 (quoting *Red Roof Inns*, 21 F.4th at 725).  Given that the court liberally interprets what satisfies as participation in a venture, *C.C.*, 2024 WL 5200543, the court finds that plaintiff has sufficiently pled this element.

3.  *Defendants Knew or Should have Known the Venture Involved Sex Trafficking*

The final question is whether plaintiff has plausibly alleged that defendants knew or should have known that the ventures violated the TVPRA.  Whether a participant in a venture knew or should have known that the venture engaged in trafficking imposes a negligence standard.  *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1177 (9th Cir. 2022).

Plaintiff argues that defendants had constructive knowledge of plaintiff's trafficking because she was a frequent visitor, and defendants knew she engaged in commercial sex work.  (ECF No. 53, ¶¶ 122, 125, 127, 134, 136, 140).  Essentially, plaintiff asserts the defendants should have inferred she was a trafficking victim based on contextual factors.  Courts in this district agree that "[i]t is not enough to establish a defendant's knowledge of general commercial sex taking place at its property" to allege this prong.  *C.C.*, 2024 WL 5200543 at *10 (quoting *Tyla*, 2024 WL 4839744 at *4).  A plaintiff must allege that defendants knew or should have known of a venture that involved sex trafficking by force, threat of force, or coercion.  *Id.*

Even if the defendants were aware plaintiff engaged in commercial sex work, plaintiff does not plausibly allege the defendants knew or should have known she was being trafficked by force or coercion.  *See A.B. v. Wyndham Hotels & Resorts, Inc.*, 532 F. Supp. 3d 1018, 1027 (D. Or. 2021) ("[T]he TVPRA does not impose an affirmative duty to police and prevent sex trafficking.");

*B.M.*, 2020 WL 4368214, at \*7 ("To be clear, the Court does not read section 1595 of TVPRA [as] requiring hotels or their franchisors to affirmatively stop sex trafficking.").

As to defendant Bellagio, plaintiff specifically alleges an individual employee was aware of her coercion and abuse. (ECF No. 53, ¶¶ 131, 230). But that is not enough to impute liability to Bellagio as a knowing beneficiary of plaintiff's sex trafficking. TVPRA claims usually involve a defendant either directly supporting a sex trafficker or forming a tacit agreement with the trafficker through a continuous business relationship.[2]

Moreover, "[a]lthough 'participation in' a venture need not involve direct participation in sex trafficking, '[i]t is the venture that must violate Section 1591, and not the participant.'" *Tyla*, 2024 WL 4839744 at \*4; *G.G.*, 76 F.4th at 559. Plaintiff fails to allege how any defendant, including the Bellagio employee, took specific actions to violate the TVPRA pursuant to the defendants' ventures as casinos. Accordingly, plaintiff cannot proceed with its TVPRA claim against defendants on a beneficiary theory of liability

C. Perpetrator Liability

Plaintiff alleges that each defendant violated both provisions of § 1591 of the TVPRA. A "perpetrator" of sex trafficking can be either a direct violator under § 1591(a)(1) or a participant under § 1591(a)(2), but both require actual knowledge of the trafficking under § 1591(e)(4). *Acevedo v. eXp Realty, LLC*, 713 F. Supp. 3d 740, 766 (C.D. Cal. 2024) (citing *Geiss v. Weinstein*, 383 F. Supp. 3d 156, 167, n. 3 (S.D.N.Y. 2019)).

---

[2] *See, e.g.*, *J.M. v. Choice Hotels Int'l, Inc.*, No. 2:22-cv-00672-KJM-JDP, 2023 WL 3456619, at \*2 (E.D. Cal. May 15, 2023) (hotel staff rented rooms to trafficker away from other guests and instructed johns to hurry up as they come and go); *J.K. v. Ramada Worldwide, Inc.*, No. 1:23-CV-108-TWT, 2023 WL 5621913, at \*2 (N.D. Ga. Aug. 30, 2023) (hotel employees zip-tied the crash bar of a door to keep it from locking so that commercial sex purchasers could enter and exit); *Ricchio v. McLean*, 853 F.3d 553, 555 (1st Cir. 2017) (hotel operator and trafficker exchanged high fives and spoke of "getting this thing going again" when there were overt signs of sex trafficking); *B.J. v. G6 Hosp., LLC*, No. 22-cv-03765-MMC, 2023 WL 6120682, at \*4 (N.D. Cal. Sept. 18, 2023) (hotels had a "continuous business relationship" of renting rooms to traffickers).

Plaintiff contends the defendants are perpetrators within the meaning of 18 U.S.C. § 1591(a)(1) because they "knowingly 'harbored' [plaintiff] and their sex tourist guests while they engaged in commercial sex, and they did so 'in reckless disregard of the fact' that coercion was used to induce [plaintiff] to participate."  (ECF No. 53 at 31).  To state a claim for perpetrator liability under the TVPRA, a plaintiff must plead facts showing, among other things, that a defendant knowingly

> recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits ... a person ... knowing, or ... in reckless disregard of the fact, that means of force, threats of force, fraud, coercion ... or any combination of such means will be used to cause the person to engage in a commercial sex act.

18 U.S.C. § 1591(a).

As discussed above, plaintiff has not sufficiently pled facts to establish that defendants had actual knowledge.  Thus, because actual knowledge is required for a finding of perpetrator liability under § 1591(a), plaintiff has failed to adequately plead this claim.

**II.      Intentional Infliction of Emotional Distress**

Plaintiff's IIED claim is subject to a two-year statute of limitations because NRS § 11.190(4)(e) establishes a two-year limitations period for "[a]n action to recover damages for injuries to a person ... caused by the wrongful act or neglect of another."  Accordingly, the two-year statute of limitations began to run in early 2022 and concluded in early 2024.  (*See, e.g.*, ECF No. 53, ¶¶ 119, 194).  For the reasons discussed in section III(A), *supra*, no statute of limitations theory plaintiff presented rescues this claim.  Thus, Plaintiff's IIED claim is time-barred.

. . .

. . .

. . .

. . .

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motions to dismiss (ECF Nos. 55–58, 75) be, and the same hereby are, GRANTED. Plaintiff has 21 days to seek leave to amend and must attach its proposed amended complaint. *See* Fed. R. Civ. P. 15(a)(2).

DATED October 17, 2025.

_____
UNITED STATES DISTRICT JUDGE