**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Christina T., an individual,

               Plaintiff,

     v.

Bellagio LLC; et al.,

               Defendants.

Case No. 2:25-cv-00145-JCM-DJA

**Order**

This is a civil action arising out of Plaintiff Christina T. allegation that, for many years she was sex trafficked and sold commercial sex in Defendants[1] casino hotel properties.  Plaintiff sues Defendants for violation of the Trafficking Victims Protection Reauthorization Act and for intentional infliction of emotional distress, claiming that the casino hotels are perpetrators and beneficiaries of sex trafficking.  After the Honorable United States District Judge James C. Mahan granted Venetian, Wynn, Mandalay, MGM, Cosmopolitan, Caesars, and Resorts World's motions to dismiss Plaintiff's first amended complaint, he gave Plaintiff twenty-one days to seek to amend her complaint.  (ECF No. 79).

Plaintiff filed a timely motion to amend.  (ECF No. 82).  Venetian (ECF No. 87); Wynn (ECF No. 88); Bellagio, Cosmopolitan, Mandalay, and MGM (ECF No. 91); and Caesars (ECF No. 92) oppose her motion, arguing that Plaintiff's amendment is futile, that Plaintiff has unduly delayed, that Plaintiff is acting in bad faith by incorporating allegations she derived from another lawsuit in violation of a protective order in that suit, and that the amendment is prejudicial.

---

[1] Defendants named in Plaintiff's first amended complaint include Bellagio, LLC ("Bellagio"); Desert Palace, LLC ("Caesars"); Nevada Property 1, LLC ("Cosmopolitan"); Mandalay Resort Group, LLC ("Mandalay"); MGM Grand Hotel LLC and MGM Grand Propco LLC (collectively, "MGM"); Resorts World Las Vegas, LLC ("Resorts World"); Venetian Las Vegas Gaming, LLC ("Venetian"); and Wynn Las Vegas, LLC ("Wynn").  (ECF No. 53).

Because the Court finds that Plaintiff has not unduly delayed, acted in bad faith, or alleged futile claims, and because it finds the prejudice to Plaintiff from denying the motion to amend to be greater than the prejudice to Defendants from granting it, the Court grants Plaintiff's motion to amend. The Court further provides the parties a deadline by which they must file a stipulated discovery plan now that their stipulated stay of discovery has concluded.

I. **Discussion.**

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). The nonmovant bears the burden of showing why amendment should not be granted. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("party opposing amendment bears the burden of showing prejudice"); *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 2:19-v-1602-JCM-EJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("party opposing the amendment carries the burden of showing why leave to amend should not be granted.").

In opposing Plaintiff's motion to amend, Venetian argues that Plaintiff has failed to cure the pleading deficiencies for which her first amended complaint was dismissed and that her proposed amended complaint is therefore futile (ECF No. 87). Wynn argues that Plaintiff's proposed amendment is futile. (ECF No. 88). Wynn adds that granting Plaintiff leave to amend would prejudice Wynn because Plaintiff has incorporated allegations based on confidential

information that Wynn produced under a protective order in a separate action in this district—*A.H. v. Wynn Las Vegas, LLC, et al.*, No. 2:24-cv-01041-GMN-NJK—which allegations Wynn argues misrepresents the confidential information and violate the protective order. (*Id.*). Wynn also argues that discovery is currently stayed in this case and so, allowing Plaintiff leave to amend to incorporate allegations based on discovery obtained in another case and requiring Wynn to respond to those allegations without Wynn also having the chance to conduct its own discovery in this case is unfair because Wynn will be unable to correct the misrepresentations it claims Plaintiff made. (*Id.*). Bellagio, Cosmopolitan, Mandalay, and MGM argue that Plaintiff's amendment is futile and that letting Plaintiff amend her complaint a second time would prejudice Defendants given the number of Rule 12 briefings they have already had to compose.[2] (ECF No. 91). Bellagio, Cosmopolitan, Mandalay, and MGM add that Plaintiff's motion fails to address when she learned the new facts she seeks to allege (they assert that Plaintiff may have had the information for more than a year before her motion to amend), constituting undue delay and, to the extent the facts derived from the *A.H.* litigation, Plaintiff's inclusion of those facts is in bad faith given the *A.H.* protective order. (*Id.*). Caesars argues that Plaintiff's proposed amendment would be futile and that the Court should decline to allow leave to amend given the fact that the proposed amended pleading violates a protective order in the *A.H.* litigation. (ECF No. 92).

In reply, Plaintiff alleges that she has not unduly delayed because she sought leave to amend within the timeframe provided by Judge Mahan and because many of her allegations are based on documents that became public in the *A.H.* litigation in November of 2025, around the time she moved to amend. (ECF No. 93). She adds that Defendants have failed to show prejudice related to the protective order in *A.H.*, because ultimately the dispute over whether Plaintiff's instant proposed amended complaint violates that protective order is before, and up to, the *A.H.* Court. (*Id.*). Plaintiff further argues that being required to answer allegations is not

---

[2] After removing this action, Defendants moved to dismiss Plaintiff's complaint. (ECF Nos. 21, 23, 28, 30, 31). Plaintiff then moved to amend her complaint, which motion Defendants did not oppose. (ECF Nos. 46, 47, 48, 49). Defendants then moved to dismiss Plaintiff's first amended complaint, which motions to dismiss were successful. (ECF Nos. 55, 56, 57, 58, 79).

prejudice. (*Id.*). Finally, Plaintiff asserts that Defendants have failed to meet their burden to show that Plaintiff's allegations are futile. (*Id.*).

The Court finds that Plaintiff has the better argument. Turning first to undue delay, the Court does not find that Plaintiff delayed in amending her complaint. In her reply, Plaintiff asserts that she learned much of the new information she seeks to allege in November of 2025, around the time she moved to amend. Although it is not entirely clear to the Court exactly when Plaintiff learned all the facts she now seeks to amend, undue delay alone cannot serve as the basis for the denial of leave to amend. *In re Tracht Gut, LLC*, 836 F.3d 1146, 1155 n.4 (9th Cir. 2016) ("undue delay alone cannot serve as the basis for the denial of leave to amend"). So, the Court declines to deny her motion to amend on this basis.

Turning next to prejudice, the Court does not find that the Defendants would be prejudiced by Plaintiff's amendment beyond having to answer additional allegations. On the other hand, Plaintiff would be prejudiced by being unable to present her claims. Wynn has asserted a more comprehensive argument for prejudice: that it will be prejudiced by confronting claims that should have been covered by a protective order in *A.H.* without the benefit of discovery in this case. But the *A.H.* Court has not ordered Plaintiff to remove the confidential allegations in her proposed amended complaint. Instead, the parties in *A.H.* have stipulated that "Plaintiff's counsel's admitted violation of the PO shall not, in and of itself, be a basis for denial of the plaintiff *C.T.*'s Motion for Leave to Amend the Complaint (ECF No. 82), that is pending in the *C.T.* matter, and the parties each expressly reserve and do not waive arguments or positions stated in support of or opposition to the pending Motion." *A.H.*, No. 2:24-cv-01041-GMN-NJK, at ECF No. 199. And the parties still have the opportunity to move to seal the confidential allegations in this case. (ECF No. 102). Additionally, while Wynn asserts that it requires discovery to show that Plaintiff misrepresented the confidential information, Wynn does not persuasively argue why it needs discovery to address Plaintiff's proposed allegations at the outset. This is particularly true given the fact that the Court will take Plaintiff's allegations as true in the event Defendants move to dismiss her second amended complaint.

Turning next to bad faith, the Court declines to find that Plaintiff has acted in bad faith by including allegations based on purportedly confidential information disclosed in the *A.H.* litigation. The determination regarding whether Plaintiff violated the *A.H.* protective order is properly made by the *A.H.* Court, not this one. And the parties to the *A.H.* litigation have already stipulated to a resolution of their dispute regarding whether Plaintiff's counsel violated that protective order. *A.H.*, No. 2:24-cv-01041-GMN-NJK, at ECF No. 199.

Turning to futility, the Court does not find that Plaintiff's allegations are futile. An amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "Denial of leave to amend on [futility grounds] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or a motion for summary judgment." *Id.* (internal citations omitted). Considering the liberal standards for allowing leave to amend and the fact that Defendants carry the burden of showing why amendment should not be granted, the Court grants Plaintiff's motion to amend. Denial of leave to amend on futility grounds is rare and it is not clear that no set of facts can be proved under Plaintiff's amendment that would constitute a valid claim. Defendants' arguments about the merits of Plaintiff's claims are thus better developed through a motion to dismiss.

Finally, the parties' stipulation to stay discovery has expired. (ECF No. 51) ("[t]o the extent that the Court's decisions on Defendants' Motions to Dismiss the Complaint, Plaintiff's Motion for Leave to Amend her Complaint, and any subsequent yet-to-be-filed motions to dismiss the [First] Amended Complaint do not fully dispose of this matter, the Parties agree that a discovery plan and proposed scheduling order shall be due within thirty (30) days of the Court's

decision on any anticipated motions to dismiss the [First] Amended Complaint.").  So, the Court will require the parties to file a stipulated discovery plan within thirty days of this order.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 82) is **granted.**  Plaintiff must file and serve the amended pleading as required by Local Rule 15-1(b).

**IT IS FURTHER ORDERED** that the parties must file a stipulated discovery plan on or before **June 26, 2026.**

DATED: May 27, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE